UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ERIK PATTON STEARNS, | |
| Plaintiff, | |
| v. | 1:17-cv-01206-SS |
| MEDICREDIT, INC., | |
| Defendant. | |

## DEFENDANT MEDICREDIT'S MOTION FOR SANCTIONS PURSUANT TO F.R.CP. 11

Defendant Medicredit, Inc., pursuant to F.R.C.P. 11, hereby submits the following Motion for Sanctions Pursuant to F.R.C.P. 11 ("Motion")[1]:

**I. Preliminary Statement**

This Court should sanction Plaintiff for the filing of a Complaint and continuing to advocate it because Plaintiff's Complaint lacks evidentiary support. As outlined below, the documentary evidence wholly contradicts Plaintiff's allegations and conclusively establishes the falsity of the representations made to this Court in the Complaint. Despite requests by undersigned counsel, Plaintiff has refused to dismiss his factually unsupported Complaint and has forced Medicredit to expend unnecessary sums to defend this meritless suit. Accordingly, this Court should grant Medicredit's Motion.

---

[1] Undersigned counsel, via email, and U.S. Mail, served a copy of this motion on counsel for Plaintiff on April 26, 2018, without filing, or otherwise presenting to the Court, this motion as required by F.R.C.P. 11(c)(2). *See* Email Correspondence to Plaintiff's counsel. **Exhibit E.**

## II. Factual Background

On December 27, 2017, Plaintiff filed his Complaint in this case. Plaintiff made the following allegations:

> ¶ 10. In mid-2016, Plaintiff began receiving calls to his cellular phone, (512) XXX-4536, from Defendant.
> ¶ 14. Upon answering phone calls from Defendant, Plaintiff has experienced a pre-recorded message before being connected with a live representative.
> ¶ 15. Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon the subject consumer debt.
> ¶ 16. Plaintiff informed Defendant that he was indigent and unable to make payment.
> ¶ 17. Due to Defendant's unwillingness to understand Plaintiff's financial situation, Plaintiff demanded that Defendant stop contacting him.
> ¶ 18. Despite Plaintiff's demands, Defendant continued to persistently place collection calls to Plaintiff's cellular phone up through the summer of 2017.
> ¶ 19. Plaintiff has received not less than 43 phone calls from Defendant since asking it to stop calling.

These allegations are completely inconsistent with the Plaintiff's own telephone records and the documents that Medicredit has disclosed to Plaintiff. The documents conclusively establish that Plaintiff received treatment, which accumulated a debt, and the debts associated with that treatment was placed with Medicredit for collection on March 15, 2017. (Medicredit's Account Notes are attached hereto as **Exhibit A**, and filed under seal).

Plaintiff provided express consent to be called on his cellular telephone number on 7/28/16 when he signed a form expressly agreeing that:

> in order for you, or your EBO Servicers and collection agents, to service my account or to collect any amounts I may owe, I expressly agree and consent that you or your EBO Servicer and collection agents may contact me by telephone at any telephone number I have provided or you or your EBO Servicer and collection agents have obtained or, at any number forwarded or transferred from that number, regarding the hospitalization, the services rendered, or my related

financial obligations. (Consent documents attached as **Exhibit B** and filed under seal).[2]

Plaintiff further agreed by signature that:

> Methods of contact may include using pre-recorded/artificial voice messages and/or use of an automatic dialing device, as applicable. **Exhibit B**

Plaintiff further provided his "Phone No" as "(xxx) xxx-4536." (Admission documents attached as **Exhibit C** and filed under seal). Both the Plaintiff's telephone record, (which spans from 3/24/16 through 2/13/18) and Medicredit's call history (which spans 1/1/2015 through 2/8/18) confirm a total of 14 calls placed to Plaintiff over 112 days between 3/15/17 and 7/15/17, none of those calls contained connection time. Plaintiff also provided a third party report that confirms the calls on the first two call logs (which spans from 5/30/17 through 8/16/17).

All three sources indicate that the only connected call was placed from Plaintiff's phone on 7/13/17. During the one call on 7/13/17, someone who refused to identify themselves asked for calls to that number to stop[3]. (**Exhibit A**; and Call log attached as **Exhibit D** and filed under seal). Medicredit placed no further calls to Plaintiff after 7/13/17, and no calls are reflected on any of the three call reports. Plaintiff has produced no evidence to contradict the documents, all of which unequivocally disprove Plaintiff's allegations.

Undersigned counsel has previously attempted to resolve this matter with counsel for Plaintiff. On April 18, 2018, undersigned counsel provided counsel for Plaintiff with all documents referenced in this Motion and asked that Plaintiff dismiss this matter because there was no support for Plaintiff's allegations. Counsel for Plaintiff and counsel for Medicredit then discussed the available evidence at length. Following the call, Plaintiff's counsel reported that

---

[2] Importantly, Plaintiff makes no allegation that the Consent is improper, but only insists in his petition that he later revoked any consent Plaintiff may have given.

[3] Plaintiff has acknowledged in discovery responses that he placed the call on 7/13/17.

SL 2762133.1

Plaintiff would not dismiss his case at that time. Then, on April 26th, Defendant provided a draft of this Motion, along with the evidence supporting Defendant's position that Plaintiff's claim is factually and legally unsupported. **Exhibit E**.

On May 21st, Plaintiff's counsel filed a Motion to Withdraw as Counsel citing an irreparable breakdown in the attorney/client relationship with Plaintiff and his counsel.[4] As the Motion sets forth, Plaintiff's counsel acknowledges the issues raised by Defendant in its proposed Motion for Sanctions that was sent to Plaintiff on April 26, 2018. In particular, Plaintiff's counsel stated that:

> Plaintiff's counsel has been presented with ample evidence from Defendant's counsel through the Motion for Sanctions with related correspondence, which significantly undercuts the allegations of Plaintiff.[5]

Thus, it is apparent that Plaintiff's counsel acknowledges and understands the lack of factual and legal support for Plaintiff's claims but that Plaintiff refuses to acknowledge this fact, despite the uncontroverted evidence presented to him weeks prior to the filing of this Motion.

### III. Legal Argument

#### A. There is no evidentiary basis for Plaintiff's claims under the FDCPA, TCPA or TDCA.

Plaintiff's Complaint was filed in violation of F.R.C.P. 11 because it has no evidentiary support for the allegations, in particular allegations in ¶ 10 and 14-19. The Complaint must have been filed for the improper purpose of harassing Medicredit and forcing it to incur unnecessary legal expenses.

F.R.C.P. 11(b) states:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented

---

[4] Motion to Withdraw as Counsel, [Docket No. 20].
[5] *Id.* at ¶ 10.

party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Consequently, where it is objectively ascertainable that Plaintiff has filed pleadings for an improper purpose, sanctions may be imposed. *See Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 805 (5th Cir.2003). The Court of the Fifth Circuit applies the "snapshot rule," which focuses on the conduct as of the moment the document was signed. *Jordaan v. Hall*, 275 F. Supp. 2d 778, 787 (N.D. Tex. 2003) relying upon *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 874 (5th Cir.1988) (en banc) ("Like a snapshot, Rule 11 review focuses upon the instant when the picture is taken—when the signature is placed on the document."). Once the snapshot has been taken, the court measures Rule 11 compliance under an objective standard of reasonableness. *Id.* In an instance where a reasonable amount of research would have revealed that there was legal or factual support for the position taken, Rule 11 sanctions may be imposed. *Id.* In this case, there has never been evidence that "received not less than 43 phone calls from [Medicredit]." There was no evidence in December 2017 and there is no evidence now.

When a court determines that a party has violated F.R.C.P. 11, it "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." F.R.C.P. 11(c)(1). A sanction under F.R.C.P. 11 should be such that it "suffices

to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movement of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." F.R.C.P. 11(c)(4). A court may also award a movant its "reasonable expenses, including attorney's fees, incurred for the motion." F.R.C.P. 11(c)(2).

Additionally, Plaintiff has violated F.R.C.P. 11 because there was no evidentiary basis for his allegations that Medicredit placed a single call to him without consent. In fact, Medicredit's records show that Plaintiff gave express consent to be called on his cell phone, and that when Plaintiff revoked that express consent on 7/13/2017, Medicredit ceased to place calls to Plaintiff. (Exhibits A – D). Each of the allegations set forth above (¶ 10 and 14-19), that were made to this Court, are completely devoid of any factual support whatsoever.

Medicredit has given Plaintiff the opportunity to remedy this violation of F.R.C.P. 11 and presented Plaintiff's counsel with sufficient documentation to show that Plaintiff's allegations are patently false. It is now apparent that Plaintiff's counsel acknowledges the lack of support for Plaintiff's allegations but that Plaintiff is refusing to dismiss the case, even *after* being presented with this Motion and evidence to support Defendant's position. Moreover, had Plaintiff conducted a reasonable investigation prior to filing this suit, he would have discovered that there is no evidentiary basis for his allegations. To date, however, Plaintiff has refused to do so. Instead, despite the lack of any evidentiary support, Plaintiff insists on continuing to advocate his factually unsupported Complaint.

SL 2762133.1

B.  **There is no legal or evidentiary basis for Plaintiff's claims under the FDCPA, or the TDCA.**

With regards to his claims under the FDCPA and TDCA, Plaintiff erroneously appears to advance the position that the volume and frequency of the calls Medicredit made to him were "repeated or continuous" and made with "an intent to harass". As outlined below, however, Medicredit made only 14 calls total over a 112 day period of time, and never placed more than one call per day.

Plaintiff has no evidentiary or legal basis for his claims under section 1692d(5) of the FDCPA and the Texas statute because Medicredit's calls to Plaintiff were not "repeated or continuous", let alone made with the "intent to harass" him. In fact, courts have regularly found that far more calls than the real number in this case do not constitute "repeated or continuous" or show an "intent to harass", even after a debtor advises his or she cannot pay. *See Hinderliter v. Diversified Consultants, Inc.*, 2012 U.S. Dist. LEXIS 127394 (N.D. N.Y. Sept. 7, 2012) (finding no violation of section 1692d when there were five calls placed in 8 days in August, 17 calls in September, and 15 calls in 21 days in October); *Miller v. Prompt Recovery Servs.*, 2013 U.S. Dist. LEXIS 88203, at *15–*16 (N.D. Oh. June 23, 2013) (citing several cases where courts have found a much higher volume and frequency of calls not to violate section 1692d); *see also Shuler v. Ingram & Assocs.*, 441 F.App'x 712, 718 (11th Cir. 2011 (summary judgment appropriate because five calls does not constitute "repeated or continuous").

Here, with Plaintiff's consent, the evidence illustrates 14 calls total over a 112 day period of time, and never placed more than one call per day. This volume and frequency of calls is far lower than the 37 calls placed in 60 days in *Hinderliter* and far lower than the 100 or more calls made in the cases cited in *Miller*. Thus, this volume of calls certainly does not constitute

"repeated or continuous". Accordingly, there is no good faith basis for Plaintiff to continue to assert his claims under the FDCPA, TCPA and TDCA.

Here, Plaintiff provided consent to Medicredit and all evidence is consistent that 14 calls total over a 112 day period of time, and never placed more than one call per day. This volume and frequency of calls is far lower than necessary for a finding of liability for statutory violations. This volume is also far below the alleged 43 phone calls that Plaintiff has been unable to justify with reasonable evidence. When Plaintiff did speak to Medicredit and asked for calls to cease, the evidence is that all calls ceased. Accordingly, there is no good faith basis for Plaintiff to continue to assert his Complaint and Plaintiff's counsel's recent Motion to Withdraw emphasizes this point.

    **C.**    **Dismissal of Plaintiff's Complaint and Requiring Plaintiff to pay Medicredit's full attorneys' fees is an appropriate sanction here because Plaintiff's Complaint lacked merit on the date he filed it.**

In this case, because Plaintiff's F.R.C.P. 11 violation concerns his Complaint, an appropriate sanction is to dismiss Plaintiff's Complaint and require Plaintiff to pay all of Medicredit's attorney's fees and costs of defending this suit from the date it received the summons until the date Plaintiff's case is disposed of. Such a sanction is appropriate because there is no evidentiary basis for Plaintiff's allegations such that his lawsuit never should have been filed in the first instance and certainly no evidence to continue to advance his claim after being presented with a draft of this Motion. Had Plaintiff not filed this lawsuit, Medicredit would not have incurred any legal expenses. Because Plaintiff did so *and* continues to do so, however, Medicredit has been forced to expend large sums of money to retain legal counsel to defend Plaintiff's meritless suit.

SL 2762133.1

Such a sanction will also deter future similar conduct. Facing the specter of paying a defendant's entire legal bill will deter plaintiffs in cases similar to this from filing lawsuits that have no evidentiary basis, especially when that lack of evidentiary basis could easily have been determined by a plaintiff.

**IV. Conclusion**

Plaintiff's Complaint lacks evidentiary basis, is continuing to be presented for an improper purpose, and Plaintiff failed to conduct an inquiry reasonable under the circumstances here, especially *after* being presented with evidence that positively refutes Plaintiff's claims and given the opportunity to dismiss his complaint. In this regard, Defendant has provided Plaintiff with records conclusively establishing that his continued representations to this Court are false. Despite this, Plaintiff refuses to dismiss this case and continues to advocate his factually unsupported Complaint. In this instance, a sanction of dismissal and payment of Medicredit's total legal fees to date is warranted as, had Plaintiff complied with his obligations under F.R.C.P. 11, he never would have pursued this case. Further, such a sanction will deter the future filing of baseless lawsuits. Accordingly, this Court should grant Medicredit's Motion.

WHERE Defendant Medicredit, Inc., respectfully requests this Court grant its Motion, enter and Order sanctioning Plaintiff and/or his counsel by dismissing Plaintiff's Complaint and awarding Medicredit its attorneys' fees and costs to date, and for an additional relief this Court deems appropriate under the circumstances.

Dated this 21st day of May, 2018.

Respectfully submitted,

/s/ Raj Aujla
Raj Aujla
State Bar No.: 24064846
raujla@prdg.com
PORTER, ROGERS, DAHLMAN & GORDON,
P.C. Trinity Plaza III
745 East Mulberry Avenue, Suite 450
San Antonio, TX 78212
Telephone: (210) 736-3900
Facsimile: (210) 736-1992

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

This is to certify that on Thursday, April 26, 2018, Defendant's counsel sent Plaintiff's counsel a draft of this Motion along with exhibits to support Defendant's position as to lack of support for Plaintiff's claims. A copy of the email correspondence is attached as Exhibit E to this Motion. In addition, Defendant's counsel and Plaintiff's counsel have discussed this Motion and the relief Defendant seeks in this Motion on several occasions. However, as noted in Plaintiff's Counsel's Motion to Withdraw, it is apparent that Plaintiff has failed to inform his counsel that he will agree to dismiss his complaint, thereby requiring Defendant to file this Motion seeking the relief requested above.

*/s/ Raj Aujla*
Raj Aujla

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 21st 2018 he caused a copy of the foregoing, to be served via email on:

Nathan C. Volheim, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Ste. 200
Lombard, IL 60148
nvolheim@sulaimanlaw.com

/s/ Raj Aujla
Raj Aujla