# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ERIK PATTON STEARNS, | |
| Plaintiff, | Case No. 1:17-cv-01206-SS |
| v. | Judge: Sam Sparks |
| MEDICREDIT, INC., | |
| Defendant. | |

### PLAINTIFF'S COUNSEL'S RESPONSE TO DEFENDANT MEDICREDIT'S MOTION FOR SANCTIONS PURSUANT TO F.R.C.P 11

NOW comes counsel for Plaintiff, Nathan C. Volheim and Taxiarchis Hatzidimitriadis of Sulaiman Law Group, Ltd. ("Plaintiff's counsel"), responding to Defendant MediCredit's Motion for Sanctions Pursuant to F.R.C.P 11, stating as follows:

1. On May 21, 2018 Plaintiff's counsel filed a Motion to Withdraw as Counsel for Plaintiff (Dkt. 20). The basis of the Motion to Withdraw is irreparable breakdown in the attorney/client relationship.

2. Plaintiff's counsel's Motion to Withdraw is currently pending before this Honorable Court.

3. Also on May 21, 2018 Defendant filed a Motion for Sanctions Pursuant to F.R.C.P 11 (Dkt. 21). Defendant's Motion for Sanctions seeks monetary penalties for Plaintiff.

4. Counsel for Plaintiff has provided Plaintiff with a copy of Defendant's Motion for Sanctions. There has been no response from Plaintiff.

5. Because Plaintiff's counsel's Motion to Withdraw is still pending, and for the reasons outlined in the same, Plaintiff's counsel cannot properly formulate a substantive response to Defendant's Motion for Sanctions without the participation of Plaintiff.

6. For Plaintiff's counsel's part, multiple recommendations were made to Plaintiff to dismiss the instant action after being provided with an unfiled copy of Defendant's Motion for Sanctions. Plaintiff did not provide Plaintiff's counsel with definitive direction as to dismissal prior to ceasing all communication. As such, Plaintiff's counsel is not able to unilaterally dismiss the instant action regardless of the merits of Defendant's position.

7. Plaintiff's counsel has made every effort to reasonably and expeditiously resolve the instant matter once presented with uncontroverted evidence of Defendant's denials. However, Plaintiff counsel's ethical obligations to Plaintiff have prevented voluntary dismissal of the instant action.

WHEREFORE, Plaintiff's counsel respectfully request that this Honorable Court deny Defendant's request as for attorney's fees and costs as they pertain to Plaintiff's counsel and allow Plaintiff time to substantively respond to Defendant's Motion for Sanctions if he so chooses.

Dated: May 24, 2018

Respectfully submitted,

s/Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Western District of Tezas
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

# CERTIFICATE OF SERVICE

      I, Nathan C. Volheim, an attorney, certify that on May 24, 2018, I caused the foregoing **PLAINTIFF'S COUNSEL'S RESPONSE TO DEFENDANT MEDICREDIT'S MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 11** to be served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system and upon Erik Patton Stearns via Certified and Regular U.S. Mail at his last known address of:

Erik Patton Stearns
2407 South Congress Avenue Suite E-622
Austin, TX 78704

                                          s/ Nathan C. Volheim