# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ERIK PATTON STEARNS,<br><br>    Plaintiff,<br><br>v.<br><br>MEDICREDIT, INC.,<br><br>    Defendant. | 1:17-cv-01206-SS |

## MEMORANDUM IN SUPPORT OF DISCOVERY SANCTIONS

Defendant Medicredit, Inc. ("Defendant"), by and through the undersigned counsel, hereby submits the following Brief in Support of its Motion for Discovery Sanctions against Plaintiff ("Plaintiff").

## INTRODUCTION

Plaintiff filed the instant lawsuit against Defendant alleging violations of the Fair Debt Collections Practices Act ("FDCPA") the Telephone Consumer Protection Act ("TCPA"), and the Texas Debt Collection Act ("TDCA") on or about December 27, 2017. Defendant denies that it committed any violations relating to Plaintiff. The parties have exchanged some discovery. During the course of discovery, Defendant served Plaintiff with a Notice of Deposition on April 23, 2108, notifying Plaintiff that his deposition would be taken on May 22, 2018. **See Exhibits 1 and 2 to Defendant's Motion.** Plaintiff did not object or otherwise advise Defendant's counsel in advance that he would be unable to appear for the deposition.

On April 26, 2018 Plaintiff was served with notice of a motion for sanctions based on a lack of any evidence to support Plaintiff's allegations. Following notice of the motion, it appears that Plaintiff ceased communication with his attorney. In response, Plaintiff's counsel has filed a

motion to withdraw. [Ct Doc. 20]  When Plaintiff failed to dismiss his case, Medicredit filed the Motion for Sanctions with this Court on May 21, 2018. [Ct. Doc. 21].

Without objection from Plaintiff or advice from Plaintiff in advance that he would be unable to appear for the deposition, Defendant's counsel, Raj Aujla traveled from San Antonio to Austin, to take Plaintiff's deposition on May 22, 2018. Despite being properly noticed and advised of the date and time for the deposition, Plaintiff failed to appear at his properly noticed deposition.  **See Exhibit 3 to Defendant's Motion.**

## ARGUMENT

Federal Rule of Civil Procedure 37(d) states, in relevant part:

(d) PARTY'S FAILURE TO ATTEND ITS OWN DEPOSITION, SERVE ANSWERS TO INTERROGATORIES, OR RESPOND TO A REQUEST FOR INSPECTION.

(1) *In General.*

(A) *Motion; Grounds for Sanctions*. The court where the action is pending may, on motion, order sanctions if:

(i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition…

(3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). Instead of or in addition to these sanctions, the court **must** require the party failing to act, … pay the reasonable expenses, including attorney's fees, caused by the failure, ... (**emphasis added**)

The imposition of a reimbursement sanction is reiterated in 37(b) which states that [in addition to or as an alternative to other sanctions] "the court **must** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Fed. R. Civ. P. 37(b)(2)(C)* (**emphasis added**).

Defendant should be granted its reasonable attorney's fees and costs for preparing and attending the deposition wherein Plaintiff failed to appear. Here, the circumstances also warrant dismissal because Plaintiff has failed to object, reschedule or respond to the Notice of Deposition in any way. In addition, Plaintiff had no reaction to the threat of sanction in the face of no evidentiary support for his complaint. Plaintiff has not provided any support of his claims other than the conclusory statements in his Complaint and interrogatory answers. Defendant has been prejudiced by Plaintiff's failure to appear because this deposition was the one opportunity Defendant had to question Plaintiff. Plaintiff's apparent abandonment of his Complaint leaves no recourse but dismissal.

The Fifth Circuit Court of Appeals has outlined the following principles for evaluating the sanction of dismissal under Rule 37: (1) "dismissal with prejudice typically is appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct"; (2) "the violation of the discovery order must be attributable to the client instead of the attorney"; (3) "the violating party's misconduct must substantially prejudice the opposing party;" and (4) "dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir. 1994) (internal quotations and citations omitted). In this case, the Plaintiff has demonstrated bad faith and contempt in his silence with his attorney and with the Court. The failure to appear is strictly the Plaintiff's decision, and the threat of sanction has demonstrated no effect on Plaintiff thus far. Dismissal in this case is consistent with the Fifth Circuit standard for such a drastic sanction.

Defendant seeks dismissal with prejudice in this case. The 5th Circuit has affirmed 41(b) dismissals, are appropriate when one or more of the following aggravating factors: "(1) delay attributable to the plaintiff, not to his attorney, (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct." *Bryson v. United States*, 553 F.3d 402, 403-04 (5th Cir. 2008) (per curiam). Plaintiff meets the aggravating factors in this case because he is personally responsible for the failure to appear and intentional delay in prosecuting his own case.

Dismissals as sanction are recognized in this District when appropriate. *See Rodriguez v. Mechanical Technical Services, Inc.*, 2015 WL 12551071 (W.D. TX, May 8, 2105) where Co-Plaintiff Perez was dismissed with prejudice following a period of silence with counsel and failure to participate in discovery; *Pegues v. PGW Auto Glass LLC*, 2010 WL 4665955 (E.D. TX, November 9, 2010); *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1034 (5th Cir. 1990).

Plaintiff cannot retroactively justify his failure to appear. Any claim offered in response to this motion, will be without support. Given the amount of time and expense Defendant incurred to send counsel for the deposition, at a minimum this Court should order Plaintiff to pay these fees and expenses, which Defendant's counsel will substantiate upon request.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Discovery Sanctions against Plaintiff should be granted, Defendant should be awarded its attorney's fees and costs in preparing for and appearing for Plaintiff's deposition, and/or Plaintiff's Complaint should be dismissed with prejudice, and this Court should grant such other and further relief as it deems just and proper.

                Respectfully submitted,

                  /s/ Raj Aujla
                Raj Aujla
                State Bar No.: 24064846
                raujla@prdg.com
                PORTER, ROGERS, DAHLMAN & GORDON,
                P.C. Trinity Plaza III
                745 East Mulberry Avenue, Suite 450
                San Antonio, TX 78212
                Telephone: (210) 736-3900
                Facsimile: (210) 736-1992

                ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on May 25, 2018 he caused a copy of the foregoing, to be served via email on:

Nathan C. Volheim, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Ste. 200
Lombard, IL 60148
nvolheim@sulaimanlaw.com

and upon Erik Patton Stearns via Certified and Regular U.S. Mail at his last known address of:

Erik Patton Stearns
2407 South Congress Avenue Suite E-622
Austin, TX 78704

                        /s/ Raj Aujla